UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ADAM C. LARGENT,

Plaintiff,

v.

NEZ PERCE COUNTY, et al.,

Defendants.

Case No. 3:25-cv-00692-AKB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court are Defendant City of Lewiston's Motion for a More Definite Statement (Dkt. 11); Defendants Asotin County and John Hilderbrand's Motion for a More Definite Statement (Dkt. 13); Defendant Nez Perce County's Motion for More Definite Statement (Dkt. 15); and Plaintiff Adam C. Largent's Motion for Leave to File Response Out of Time and Opposition to Defendants' Rule 12(e) Motions (Dkt. 18). Defendants City of Clarkston, Washington and Clarkston Police Department joined the motions for a more definite statement filed by Lewiston and by Asotin County and Hilderbrand and, in the alternative, filed a general denial (Dkt. 16). City of Lewiston opposed Plaintiff's motion for leave to file out of time (Dkt. 19), and Asotin County and Hilderbrand, Clarkston and Clarkston Police Department, and Nez Perce County joined that opposition (Dkts. 20–22).

Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants

Plaintiff's request to file his opposition out of time, grants Defendants' motions for a more definite statement, and directs Plaintiff to file a First Amended Complaint consistent with this Order.

## I. BACKGROUND

Plaintiff, proceeding pro se, initiated this civil-rights action on December 10, 2025 (Dkt. 1). His Complaint spans 118 pages against twenty named defendants; it includes a five-page table of contents and brings claims against governmental entities, law-enforcement officers, prosecutors, jail personnel, supervisors, and Doe defendants from Idaho and Washington. Plaintiff alleges constitutional violations under 42 U.S.C. §§ 1983 and 1985 and state-law claims (Dkt. 1 at 1-15).

The difficulty with the pleading is not merely its length. The Complaint concerns several distinct episodes allegedly occurring over "decades" that "began in Plaintiff's childhood" (*id*. at 6, § 1, ¶ 1, *and* 9, § 4, ¶ 2). Those allegations include Plaintiff's childhood encounters with Nez Perce County personnel; an alleged failure to investigate the sexual assault of Plaintiff's daughter; arrests and detentions; an alleged felony-eluding incident involving Sergeant Lucas Martin; a separate Idaho State Police encounter; a strip search and overnight detention; conduct "targeting" Plaintiff's son; and a search of Plaintiff's residence and seizure of property (Dkt. 1 at 6-12).

Despite this apparent breadth, the Complaint restates the same alleged events under overlapping factual and legal frameworks. Its table of contents reflects one set of Counts I through XIV in "Part 2 – Claims for Relief," a later section again addressing Fourth Amendment violations, and then Counts 1 through 68 in a section titled "Detailed Claims for Relief" (Dkt. 1 at 2-4). The Complaint also frequently refers collectively to "Defendants," "Officers," county personnel,

supervisors, prosecutors, or Doe defendants without consistently identifying which particular defendant is alleged to have committed the conduct supporting a particular claim.[1]

City of Lewiston moved under Federal Rule of Civil Procedure 12(e) for a more definite statement (Dkt. 11). Lewiston argues the Complaint does not provide a short and plain statement of Plaintiff's claims and does not consistently identify the dates of the alleged incidents or the particular defendants against whom each claim is asserted (Dkt. 11-1 at 2-5). Asotin County and Hilderbrand filed a similar motion, asking that Plaintiff identify the date and nature of each law-enforcement encounter, the officer or agency involved, and how the alleged conduct violated Plaintiff's rights (Dkt. 13; Dkt. 14 at 2-4).

Nez Perce County likewise moved for a more definite statement and identified several examples of the ambiguity. Among other things, it points to allegations concerning the felony-eluding incident, unidentified prosecutors, unidentified "County Officers," the alleged suppression of evidence, and the alleged failure to investigate Plaintiff's daughter's sexual assault, in which the Complaint does not consistently identify the relevant date, governmental entity, individual actor, or conduct attributable to a particular defendant (Dkt. 15-1 at 4-7). Clarkston joined the Rule 12(e) motions filed by Lewiston and by Asotin County and Hilderbrand and, in the alternative, filed a general denial (Dkt. 16 at 2-3).

Plaintiff's responses to the Rule 12(e) motions were due in January 2026. Plaintiff did not timely respond. On February 17, 2026, he filed the present motion seeking leave to file his

---

[1] The Complaint also contains at least one stray comment regarding subsection 22.X.6: "[t]his count strengthens your Monell section dramatically" (Dkt. 1 at 60). That statement appears to be inadvertently incorporated into the filed pleading rather than an allegation intended for the Court. Plaintiff is reminded that reliance on drafting assistance does not relieve him of responsibility for the contents of his filings. *See* Fed. R. Civ. P. 11(b)(2)-(3). Plaintiff must carefully review any amended complaint before filing.

opposition out of time (Dkt. 18). Plaintiff represents that he contracted COVID-19 beginning January 6, 2026, which materially impaired his ability to prepare and timely file a response (*id*. at 1). In the same filing, Plaintiff opposes the Rule 12(e) motions, arguing the Complaint provides adequate notice and that additional evidentiary detail can be developed through discovery (*id*. at 2-3). He nevertheless requests that, "if the Court determines that limited clarification is warranted," he be permitted to amend rather than have claims stricken or dismissed (*id*. at 3).

City of Lewiston opposes the late filing, arguing Plaintiff has not established good cause or excusable neglect under Rule 6(b)(1)(B) (Dkt. 19 at 2-6). Asotin County, Hilderbrand, Clarkston, and Nez Perce County joined that opposition (Dkts. 20-22). Plaintiff thereafter filed a reply asserting that the delay resulted from illness, caused no meaningful prejudice, and was undertaken in good faith (Dkt. 23 at 1-2). Plaintiff also acknowledges Defendants' request for additional specificity and states that he will continue to refine his allegations as necessary (*id*. at 2).

## II. LEGAL STANDARD

When a request to extend time is made after the applicable deadline has expired, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure requires the moving party to show good cause and excusable neglect. *Savage v. City of Twin Falls*, 2015 WL 12681319, at *7 (D. Idaho Jan. 20, 2015). Whether neglect is excusable is an equitable inquiry that considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); allegations must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Rule 12(e), in turn, permits a motion for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Courts in this District have explained that Rule 12(e) is appropriate when a party is unable to determine the issues it must meet, not as a substitute for discovery or a vehicle to test the merits of an opponent's case. *Wavetronix LLC v. Swenson*, No. 4:12-cv-00244-BLW, 2013 WL 1222565, at *2 (D. Idaho Mar. 25, 2013); *see also Michael v. ConAgra Brands, Inc.*, No. 4:18-cv-00277-DCN, 2019 WL 1781406, at *2 (D. Idaho Apr. 23, 2019). Before granting relief under Rule 12(e), the Court considers whether the pleading satisfies Rule 8. *Seaman v. Empire Airlines, Inc.*, No. 2:16-CV-00304-EJL, 2017 WL 1731686, at *6 (D. Idaho May 3, 2017). The Ninth Circuit has cautioned that prolix and confusing complaints impose unfair burdens on litigants and courts. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). "Those minimal pleading standards are informed not only by Rule 8(a), but also by Rule 9(b) when a complaint alleges fraud . . . ." *Wavetronix LLC*, 2013 WL 1222565, at *3.

A pro se complaint is liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, pro se litigants must comply with procedural rules. *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

## III. ANALYSIS

### A. Plaintiff's Untimely Opposition

Plaintiff filed his opposition after the applicable response deadlines had expired. Because his request for additional time was made after those deadlines, he must show both good cause and excusable neglect under Rule 6(b)(1)(B).

The prejudice factor favors Plaintiff. Defendants identify delay in obtaining a responsive pleading as the principal prejudice resulting from the late opposition (Dkt. 19 at 5). That concern is real but modest given that the Court is granting the pending Motions for a More Definite Statement. Further, the case is at the pleading stage, Defendants were able to respond to Plaintiff's late filing, and the record does not show that the delay caused a loss of evidence, or impaired a substantive defense (Dkts. 19-22).

The length and impact of the delay also favor Plaintiff. The opposition was filed approximately four weeks after the earliest response deadline. Although Plaintiff should have sought an extension sooner, Plaintiff's delay did not materially alter the posture of the case. His reason for the delay provides less support. Plaintiff represents that illness from COVID-19 materially impaired his ability to prepare a timely response (Dkt. 18 at 1). Defendants note, however, that Plaintiff did not seek an extension before the deadlines expired and did not initially provide medical documentation corroborating the illness (Dkt. 19 at 4-5). Plaintiff later stated that he could provide supporting documentation, but no such documentation accompanied the reply (Dkt. 23 at 1). On this record, the reason-for-delay factor does not strongly favor Plaintiff. In considering the circumstances surrounding the delay, the Court also accounts for Plaintiff's pro se status and construes his filing liberally, while recognizing that pro se litigants remain subject to applicable procedural rules.

Finally, the record does not indicate bad faith. Plaintiff disclosed the asserted reason for his delay, filed the opposition while the case remained at its earliest stage, and Defendants received an opportunity to address it. This factor favors Plaintiff.

Considering the totality of circumstances, the Court finds excusable neglect. The Court also finds good cause to accept the late opposition and resolve the Rule 12(e) motions on a

complete record, particularly because doing so causes no material prejudice. Accordingly, Plaintiff's Motion for Leave to File Response Out of Time (Dkt. 18) is granted, and the Court considers his opposition to Defendants' Rule 12(e) motions.

**B. Motions for More Definite Statement**

Plaintiff is correct that Rule 12(e) does not require him to plead his evidence. He need not possess body-camera footage, internal investigative records, supervisory communications, prosecutorial records, jail documentation, or other materials that may later be obtained through discovery before filing a complaint. Nor must he prove his allegations at the pleading stage (Dkt. 18 at 2-3).

The present problem is different. The Complaint's organization makes it unnecessarily difficult to determine which allegations correspond to which claims or which claims are asserted against which Defendants. Some allegations identify particular officers; others refer collectively to unidentified "Defendants," "Officers," county personnel, supervisors, prosecutors, or Doe defendants. Several claims do not clearly identify an approximate date or timeframe, location, employing governmental entity, or the particular conduct attributable to each named Defendant.

Nez Perce County's briefing illustrates the resulting difficulty. It identifies allegations concerning Plaintiff's felony-eluding arrest, unidentified prosecutors, unidentified "County Officers," alleged suppression of evidence, and the alleged failure to investigate Plaintiff's daughter's sexual assault in which the Complaint does not consistently identify the relevant date, governmental entity, individual actor, or conduct attributable to a particular Defendant (Dkt. 15-1 at 4-7). The Complaint later revisits a number of those episodes under additional theories (*id*. at 6-7).

That is the type of pleading problem Rules 8 and 12(e) address. *See McHenry*, 84 F.3d at 1179-80. The Court therefore concludes the Complaint does not provide a sufficiently clear and manageable statement of Plaintiff's claims to permit the appearing Defendants reasonably to prepare responsive pleadings. The motions for a more definite statement are granted.

Plaintiff expressly asks, moreover, to amend if the Court determines additional clarification is warranted (Dkt. 18 at 3). Thus, although Plaintiff does not concede that the original Complaint is deficient, the practical relief he requests in the alternative substantially overlaps with the relief Defendants seek: an opportunity for Plaintiff to restate his claims in a form that can be understood and answered. The Court will therefore direct Plaintiff to file a First Amended Complaint.

The Court's ruling is limited to the Rule 12(e) issue presently before it. The Court does not decide whether any particular claim ultimately states a claim for relief, whether any defense has merit, or whether any unaddressed defense has been preserved or waived. Those matters are not resolved by this Order.

**C. Instructions for the First Amended Complaint**

The purpose of the allowed amendment is to provide a short, clear, and defendant-specific statement of Plaintiff's claims. In simplified terms, for each claim, the First Amended Complaint should permit the Court and each Defendant to determine the "who, what, when, where, why, and how" of the allegedly wrongful conduct: what allegedly happened, when and where it occurred, who allegedly did it, what right or law Plaintiff contends was violated, and what injury allegedly resulted. Plaintiff will be allowed thirty (30) days from entry of this Order to file a First Amended Complaint.

The following is intended to help Plaintiff comply with his pleading obligations. It does not alter the applicable Federal Rules, impose a heightened pleading standard, or decide the legal sufficiency of any proposed claim.

1. **One Complete Pleading.** The First Amended Complaint must be complete on its own; it will replace the original Complaint. *See* Dist. Idaho Loc. Civ. R. 15.1. Plaintiff may not require Defendants or the Court to piece together his claims by consulting various filings across the docket.

2. **Caption and Parties.** The first page should identify the Court, case number, Plaintiff, and each Defendant Plaintiff intends to sue, and should be titled "First Amended Complaint." Each Defendant named in the caption should also be identified in the body of the pleading. In separately numbered paragraphs, Plaintiff should identify each Defendant's position or employing governmental entity, if known.

3. **Jurisdiction and Venue.** Plaintiff should include a short section stating the basis for this Court's subject-matter jurisdiction and why venue is proper in the District of Idaho. Extended legal argument is unnecessary.

4. **Statement of Facts.** Plaintiff should state the important facts in consecutively numbered paragraphs and organize them chronologically or by discrete incident. For each incident, Plaintiff should state, to the extent reasonably known, the approximate date or timeframe, location, Defendant or Defendants involved, what each Defendant allegedly did or failed to do, and the injury Plaintiff alleges resulted. Plaintiff may describe each factual episode once rather than repeat it in multiple overview, expanded, and detailed sections.

5. **Claims for Relief.** After the factual allegations, Plaintiff should identify each legal claim separately and number the claims consecutively: Claim One, Claim Two, Claim Three, and so forth. A claim may be organized in a format such as: "Claim One - [right or law allegedly violated] - Against [Defendant or Defendants]." The same incident need not be restated in full under every legal theory; Plaintiff may refer back to the relevant numbered factual paragraphs.

6. **Defendant-Specific Allegations.** For each claim, Plaintiff should identify the Defendant or Defendants against whom the claim is asserted and state the facts presently known to him showing what each Defendant allegedly did or failed to do, including the role played in any allegedly conspiratorial or coordinated conduct.
7. **Joinder of Claims and Defendants.** Plaintiff must also comply with Federal Rule of Civil Procedure 20. Unrelated claims against different Defendants generally should not be combined in a single action merely because Plaintiff believes the events reflect a broader pattern of misconduct.

8. **Timeliness.** Plaintiff should be mindful that civil-rights and state-law claims are subject to statutes of limitations. Some allegations in the Complaint concern events that allegedly

occurred many years ago. The Court does not decide at this stage whether any particular claim is timely.

9. **Length.** Plaintiff need not include a separate case-law section, extended legal argument, evidentiary exhibits, "reserved" claims, claims identified only as "pending discovery," or placeholders for unspecified future claims. The Court does not impose a numerical page limit at this time

10. **Relief, Jury Demand, and Signature.** Plaintiff should state the relief he requests. If he continues to demand a jury trial, he should include that demand. Plaintiff must sign and date the First Amended Complaint; by signing it, he certifies the representations required by Federal Rule of Civil Procedure 11.

Plaintiff is cautioned that failure to comply with this Order may result in the pleading being stricken or other appropriate relief.

## IV. ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Leave to File Response Out of Time (Dkt. 18) is **GRANTED.** Plaintiff's opposition to Defendants' Rule 12(e) motions is accepted and has been considered by the Court.

2. Defendant City of Lewiston's Motion for a More Definite Statement (Dkt. 11), joined by Defendants City of Clarkston, Washington, and Clarkston Washington Police Department (Dkt. 16), is **GRANTED**.

3 Defendants Asotin County and John Hilderbrand's Motion for a More Definite Statement (Dkt. 13), joined by Defendants City of Clarkston, Washington, and Clarkston Washington Police Department (Dkt. 16), is **GRANTED**.

4. Defendant Nez Perce County's Motion for More Definite Statement (Dkt. 15) is **GRANTED**.

5. Plaintiff shall file a First Amended Complaint consistent with this Order within **thirty (30) days** of entry of this Order. Plaintiff's request in Dkt. 18 for leave to amend is **GRANTED** to that extent.

DATED: August 25, 2026

Amanda K. Brailsford
U.S. District Court Judge